IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVERETTE O. BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-1075-JPG |
| ) | |
| LISA J. W. HOLLINGSWORTH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In December 1998, a jury found Petitioner Everett O. Baker guilty of multiple charges of money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), engaging in monetary transactions exceeding $10,000 in criminally derived property, 18 U.S.C. § 1957, and conspiracy to commit money laundering, 18 U.S.C. § 1956(h). He was sentenced to an aggregate of 180 months imprisonment and three years supervised release. *United States v. Baker*, Case No. 3:97-cr-30079-WDS (S.D. Ill., filed Sept. 24, 1997), *aff'd* 227 F.3d 955 (7th Cir. 2000), *cert. denied* 121 S.Ct. 1095 (2001).

Baker then filed a motion pursuant to 28 U.S.C. § 2255, raising several grounds for relief. *Baker v. United States*, Case No. 3:02-cv-115-WDS (S.D. Ill., filed Feb, 19, 2002), *certificate of appealability denied*, Appeal No. 07-1938 (7th Cir., Aug. 31, 2007). In that action, Baker asserted that his money laundering convictions were invalid, based upon the ruling in *United States v. Scialabba*, 282 F.3d 475 (7th Cir. 2002). During pendency of Baker's § 2255 action, the Seventh

Circuit issued its opinion in *Santos v. United States*, 461 F3d 886 (7th Cir. 2006),[1] holding that for money laundering claims brought under 18 U.S.C. § 1956(a)(1), the government must prove that the defendant's activities involved net, not gross proceeds.  Based upon these rulings, the Honorable William D. Stiehl vacated Baker's 15 money laundering convictions under § 1956(a)(1).  However, Judge Stiehl found that *Scialabba* and *Santos* were not applicable to Baker's remaining seven convictions under §§ 1957 and 1956(h), and Baker's sentence remained unchanged.  Baker later filed numerous unsuccessful challenges to the criminal forfeiture of his property.  He also sought leave to file a second or successive motion under § 2255, which was denied.  *Baker v. United States*, Appeal No. 09-2340 (7th Cir., June 10, 2009).

Undaunted, Baker filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  In this action, he raises two arguments.  First, he asserts that because Judge Stiehl vacated his money laundering convictions, his sentence for conspiracy to commit money laundering should have been recalculated.  His second argument piggybacks on his first: Baker argues that the substantive offense of money laundering cannot be separated from the conspiracy, and thus the conspiracy charge should also be vacated.  Baker asserts that both of these arguments were "previously unavailable" to him, and thus he should be allowed to proceed with this arguments under § 2241.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides tat upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

---

[1] The Seventh Circuit's decision in *Santos* was subsequently affirmed by the Supreme Court. *United States v. Santos*, 553 U.S. 507 (2008).

corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Baker is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Baker contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Baker may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

As stated above, Baker claims that the two arguments raised in this action were previously unavailable to him. Why? During his § 2255 proceeding, Baker was allowed to amend his motion to include the rulings of *Scialabba* and *Santos*, and those rulings were thoroughly considered by Judge Stiehl. Not only did he consider them, Judge Stiehl actually agreed with Baker that the

holdings of *Scialabba* and *Santos* served to invalidate Baker's money laundering convictions. Moreover, in his § 2255 motion, Baker did raise the issue that *Scialabba* should equally apply to his convictions under §§ 1956(h) and 1957. Judge Stiehl stated:

> Although the Court has held that *Scialabba* applies to the petitioner's substantive convictions under § 1956(a)(1), it is not persuaded that the holding of *Scialabba* would apply to either § 1957 or § 1956(h) charges. There is nothing in *Scialabba* that would extend the court's holding to conspiracy cases. ***The concern of a conspiracy is the agreement to engage in a prohibited transaction, and the concerns over gross and net income are not present.*** Similarly, the provisions of § 1957 specifically define "criminally derived property" as "any property constituting, or derived from, proceeds obtained from a criminal offense." 18 U.S.C. § 1957(b)(2). Therefore, the Court REJECTS petitioner's claims raised in his second amended habeas petition that *Scialabba* applies to the convictions in Counts 16-22.

*Baker v. United States*, 2006 WL 2850029 (S.D. Ill., Sept. 29, 2006) (emphasis added). At the conclusion of that order, Judge Stiehl stated:

> The Court GRANTS petitioner's motion as it is directed to his convictions for money laundering, Counts 1-10 and 11-15, and the convictions and sentence on those counts are VACATED and SET ASIDE. The Court DENIES petitioner's motion directed to his convictions and sentence on Counts 16-20, Count 21, Count 22, and the forfeiture in Count 23. ***The Court's sentence on these counts remains unaffected by this ruling.*** Therefore, the petitioner's sentence of 180 months consisting of a term of 180 months on Count 21, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(a)(a)(A)(i) and (h), and a term of 120 months on each of Counts 16-20 and 22, Monetary Transactions in criminally-derived property, in violation of 18 U.S.C. § 1957, all such terms to run concurrently, and a term of 3 years of supervised release on each of Counts 16-22, with the conditions to remain in full force and effect as originally imposed, and forfeiture in Count 23, 18 U.S.C. § 982, in the amount of $4,407,592, as set forth in the Court's Order of October 21, 1999 (*see United States v. Baker*, 82 F.Supp.2d 936 (S.D.Ill. 1999)), shall remain in full force and effect.

*Baker v. United States*, 2006 WL 2850029 (S.D. Ill., Sept. 29, 2006) (emphasis added). Clearly the

questions presented in the instant action were not "previously unavailable to him" as Baker claims; both arguments were raised, or could have been raised, in Baker's § 2255 motion.  As the Seventh Circuit stated:

> Everette Baker has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file another collateral attack under § 2255.  Baker proposed raising two claims.  First, Baker would like to argue that the district court violated his rights under the Fifth and Sixth Amendments when it declined to resentence him after vacating his money laundering convictions in light of *United States v. Scialabba*, 282 F.3d 475 (7th Cir. 2002).  But *Scialabba's* effect on Baker's conviction and sentence was an argument for appeal during his first collateral attack, and so § 2244(b)(1) bars him from relitigating the claim.  Second, Baker wishes to pursue the contention that under *Scialabba* and *Santos v. United States*, 461 F.3d 886 (7th Cir. 2006), *aff'd United States v. Santos*, 128 S. Ct. 2020 (2008), he is actually innocent of conspiracy to commit money laundering. As explained above, Baker's claims with respect to *Scialabba* have been litigated.  *See* 28 U.S.C. § 2244(b)(1).  And *Santos* is of no help to Baker because it addressed a matter of statutory construction and did not announce a new rule of constitutional law. 28 U.S.C. § 2244(b)(2)(A).

*Baker v. United States*, Appeal No. 09-2340 (7th Cir., June 10, 2009).

Therefore, Section 2241 cannot provide Baker with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: July 15, 2010.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**